William A. Gordon, Respondent, v. The City of New York, Appellant, Impleaded with Interborough Rapid Transit Company, Defendant.

First Department, January 31, 1930.

*Henry J. Shields* of counsel [*Charles C. Marrin* and *J. Joseph Lilly* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel*, attorney], for the appellant.

*Benjamin Bernstein* of counsel [*Melvin Kleeblatt* with him on the brief], for the respondent.

MARTIN, J. Shortly after midnight on August 2, 1925, the plaintiff was injured while walking home on East One Hundred and Forty-ninth street near Prospect avenue in The Bronx. The concrete sidewalk broke underneath plaintiff and he fell through up to his armpits. Several persons passing by lifted him out of the hole and he was taken to his home a block and a half away. Because of this accident the city of New York is charged with negligence.

The plaintiff produced a witness to the occurrence who for three or four years operated a butcher shop on Prospect avenue above One Hundred and Forty-ninth street, near the place of the accident. The witness testified that the portion of the sidewalk which collapsed under the weight of the plaintiff was slightly lower than the rest of the sidewalk and was cracked. This condition had been observed about two months prior to the accident but had not been considered unusual or dangerous. The subway at this point runs underneath the street and there was evidently an absence of soil alongside of a manhole which accounts for the fact that when the sidewalk broke the plaintiff fell through as described. The portion of the sidewalk that caved in was directly adjacent to a manhole.

The only testimony offered to support the claim of notice to the city was that given by the witness Lina Glaser. She testified that there was a saucer-shaped depression, one inch and a half deep at the deepest point and that there existed a crack in the sidewalk at the place where the accident occurred. The witness did not give any testimony regarding the width of the crack. It is apparent from the testimony that the depression was insignificant and the crack very slight.

It was shown that the plaintiff passed over this sidewalk very often, in fact as frequently as four or five times a day, and he admitted that he did not notice anything wrong on the night of the collapse or at any other time prior thereto. His testimony establishes the fact that the surface of this sidewalk did not in

any way indicate the presence of a defective condition of the soil which supported it. The city had no means of knowing the condition underneath the sidewalk.

It is solely on the theory of negligence that the defendant can be held liable for the existence of such a defective condition. The existence of a slight saucer-shaped depression in the sidewalk would not of itself furnish proof of notice to the municipal authorities of the existence of a dangerous condition calling for remedial action. The testimony of this one witness that there was a crack in the pavement, without some additional testimony showing a dangerous condition, is not sufficient to sustain plaintiff's claim.

The plaintiff was required to show a condition which would be sufficient to charge the defendant city of New York with notice of a defect in the sidewalk. He failed to submit any such proof.

The judgment should, therefore, be reversed, with costs, and the complaint dismissed, with costs.

DOWLING, P. J., FINCH, McAVOY and PROSKAUER, JJ., concur.

Judgment reversed, with costs, and the complaint dismissed, with costs.